UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 14 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Clyde Lacy Rattler, )
)
    Plaintiff, )
)
v. ) Civil Action No. 11 0365
)
Secretary of Health and Human Services, )
)
    Defendant. )

MEMORANDUM OPINION

This matter, transferred from the Southern District of New York, is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

Plaintiff is a District of Columbia resident suing the Secretary of Health and Human Services for "an unlimited sum of money[.]" Compl. at 4. As the basis of federal court jurisdiction, plaintiff states that the defendant "breach[ed] an express or implied term of a contract with [him]," *id.* at 2, but he identifies his injury as "a deform [sic] (RT) elbow." *Id.* at 3. Plaintiff has stated no supporting facts and, thus, has failed to satisfy the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. In any event, a claim for monetary damages against the United States is cognizable under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.* Such a claim is maintainable, however, only after the plaintiff has exhausted his administrative remedies by "first present[ing] the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675. This exhaustion requirement is

jurisdictional. *See GAF Corp. v. United States*, 818 F.2d 901, 917-20 (D.C. Cir. 1987); *Jackson v. United States*, 730 F.2d 808, 809 (D.C. Cir. 1984); *Stokes v. U.S. Postal Service*, 937 F. Supp. 11, 14 (D.D.C. 1996).

Plaintiff has not indicated that he exhausted his administrative remedies under the FTCA. Therefore, the complaint will be dismissed. *See Abdurrahman v. Engstrom*, 168 Fed.Appx. 445, 445 (D.C. Cir. 2005) (per curiam) ("[T]he district court properly dismissed case [based on unexhausted FTCA claim] for lack of subject matter jurisdiction."). A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: February 10, 2011